**NOTICE**

This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230651-U

NO. 4-23-0651

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

**FILED**
June 12, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JEFFREY ALLEN McCALL, | ) | No. 19CF1154 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Lannerd and Vancil concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court vacated defendant's sentence and remanded for a new
sentencing hearing.  The trial court erred by entering a consecutive sentence
without advising defendant of his right to elect the sentencing provision under
which he should be sentenced when, at the time of the offense, he faced a
mandatory consecutive sentence, but at the time of sentencing, the statue had been
amended such that a consecutive sentence was discretionary.

¶ 2    On May 3, 2021, defendant, Jeffrey Allen McCall, entered an open guilty plea to

aggravated driving under the influence (DUI) (625 ILCS 5/11-501(d)(1)(A) (West 2018)).

While on pretrial release, defendant pleaded guilty to a felony in Coles County (the Coles

County case).  At the time of the DUI, section 5-8-4 of the Unified Code of Corrections (Code)

(730 ILCS 5/5-8-4(d) (West 2018)) mandated the trial court to impose the sentence consecutive

to the sentence in the Coles County case.  However, at the time of sentencing, the Code had been

amended to provide for permissive consecutive terms. Pub. Act 102-1104, § 90 (eff. Dec. 6, 2022) (amending 730 ILCS 5/5-8-4(c)). The court indicated it believed a mandatory consecutive sentence was required, did not advise defendant of his ability to elect which version of the Code he wished to be sentenced under, and imposed a consecutive sentence.

¶ 3        On appeal, defendant contends the trial court plainly erred by not advising him of the ability to elect which version of the Code he wished to be sentenced under. We vacate defendant's sentence and remand for a new sentencing hearing.

¶ 4                                I. BACKGROUND

¶ 5        On November 26, 2019, the State charged defendant with aggravated DUI, alleging he, on November 17, 2019, drove a motor vehicle while under the influence of alcohol and had previously committed the same or similar offense in 2018 and 1989. The State also charged defendant with attempt (aggravated battery) (720 ILCS 5/8-4 (West 2018)) and obstructing justice (720 ILCS 5/31-4(a)(1) (West 2018)). Defendant was released on bond on December 6, 2019.

¶ 6        On May 3, 2021, defendant entered an open guilty plea to aggravated DUI in exchange for the State's dismissal of the remaining charges. As part of its admonitions, the trial court told defendant he faced a sentencing range of three to seven years' incarceration, a term of mandatory supervised release, and a fine. When admonishing defendant of the possible consequences of the conviction, the court told him, "any future conviction could have an increased penalty and there could be a higher possibility of a consecutive sentence."

¶ 7        Providing the factual basis for the plea, the State told the trial court a police officer observed defendant, on November 17, 2019, stumble out of a gas station and enter a vehicle. The officer believed defendant was intoxicated and stopped him a few blocks away.

The officer observed defendant had slurred speech, red, glassy eyes, and smelled of alcohol. When the officer placed defendant under arrest, defendant began kicking the back seat and door of the squad car, and he made racist and derogatory comments to the officer, who was African American. Defendant refused to take field sobriety tests or provide a breath sample.

¶ 8　　　　Officers took defendant to a local hospital while waiting for a search warrant. At the hospital, defendant refused to leave the police car and was forced from the car. Defendant also refused to walk and kicked an officer. Defendant would not allow a nurse to conduct a blood draw. Defendant had two prior DUI convictions.

¶ 9　　　　The trial court accepted defendant's plea and set sentencing for July 16, 2021. Sentencing was later continued multiple times, including multiple times based on defendant's failure to appear.

¶ 10　　　　On February 27, 2023, defendant was served with an arrest warrant for the offense in the Coles County case related to a December 31, 2022, incident in which he drove onto the putting greens and fairways of a golf course. On April 3, 2023, defendant pleaded guilty to aggravated fleeing a peace officer, "2+ Control Devices," a Class 4 felony, and was sentenced to two years' incarceration. See 625 ILCS 5/11-204.1(a)(4), (b) (West 2022).

¶ 11　　　　In the instant case, the sentencing hearing was ultimately held on May 12, 2023. At the hearing, the State presented video from defendant's arrest as evidence in aggravation. The State also provided an audio recording from the jail in which defendant said he would not appear at sentencing. The presentence investigation report showed defendant had an extensive criminal history, with numerous prior felony convictions. Defendant reported he did not believe he needed alcohol treatment because he no longer drank alcohol. Defendant also reported a number of health issues, including a heart condition.

¶ 12　　　　In mitigation, defendant provided evidence he was employed and helped care for both his mother, who was diagnosed with multiple sclerosis, and a neighbor with breast cancer. Defendant's sister also testified on his behalf regarding his care for their mother. Defendant gave a statement in allocution, telling the trial court he no longer drank alcohol. He also spoke of his heart condition and stated he believed it could not be adequately treated in prison. Defendant expressed remorse and apologized for his actions. Defendant indicated he previously said he would not come to his sentencing hearing because he wanted to be home to take care of his mother. Defense counsel asked for a community-based sentence, or alternatively, the minimum sentence of three years' incarceration. The State asked the court to sentence defendant to the maximum term of seven years' incarceration.

¶ 13　　　　In discussing the potential sentences, the State told the trial court:

"I believe if the Court orders a[n Illinois Department of Corrections (DOC)] sentence, that that would be served at 50 percent with one year of [mandatory supervised release], and I believe that that would be mandatory consecutive to the defendant's DOC term in [the Coles County case]. That took place on—the date of the offense is December 31st, 2022, so I believe that that would qualify for mandatory consecutive sentencing."

Defense counsel did not object or argue defendant was not subject to mandatory consecutive sentences.

¶ 14　　　　The trial court discussed the factors in mitigation and aggravation. In mitigation, the court noted defendant's obligation to assist his mother and his health conditions. In aggravation, the court noted the case involved defendant's third DUI and stated, while no one was injured, there was certainly a threat of injury anytime a person committed a DUI. The court

also noted defendant's overall extensive criminal history and recidivism. The court then stated, "The Court would find that a sentence of a community based sentence would deprecate the seriousness ever [*sic*] these offenses. I think a sentence is necessary to deter others who might be similarly situated from continuing to commit further criminal activity." The court sentenced defendant to seven years' incarceration and a fine. The court then stated:

"[A]s pointed out by the State, the Coles County case was committed, 23 CF 6, at a time he was out on bond in the present situation. Therefore, this case will be served consecutive to the sentence that he's presently incarcerated on in Coles County.

While the defendant did take responsibility for his actions in this case by coming in here and entering into a plea, I don't know how much you can say that he took responsibility when you look at the record here. We are dealing with a 2019 case, and he was repeatedly out on a warrant status. At least three warrants were issued in this case alone. And it does not escape the Court's attention that in Coles County, evidently defendant being fully aware that there was a warrant issued on his failure to appear here, was charged and convicted of aggravated fleeing and eluding, still attempting to not appear for his sentencing hearing here today."

¶ 15      Defendant filed a motion to withdraw his guilty plea and reconsider his sentence. He did not include any allegations the trial court had discretion in imposing consecutive sentences. The court denied the motions.

¶ 16      This appeal followed.

¶ 17                    II. ANALYSIS

¶ 18    On appeal, defendant contends the trial court erred by applying an outdated statue mandating consecutive sentencing without allowing him to elect to be sentenced under the version of the statute in effect at the time of sentencing. Defendant acknowledges he did not raise the issue below but argues either plain error applies or, alternatively, his counsel was ineffective for not raising the issue.

¶ 19    At the time defendant committed the offense, the Code provided for "mandatory" consecutive sentences, stating the trial court "shall" impose consecutive sentences in certain circumstances. 730 ILCS 5/5-8-4(d) (West 2018). The Code further provided, if a person charged with a felony committed a separate felony while on pretrial release, "then the sentences imposed upon conviction of these felonies shall be served consecutively." 730 ILCS 5/5-8-4(d)(8) (West 2018). However, before defendant's sentencing, the Code was amended to provide for "permissive" consecutive terms, stating the court "may" impose consecutive sentences in certain circumstances. Pub. Act 102-1104, § 90 (eff. Dec. 6, 2022) (amending 730 ILCS 5/5-8-4(c)). The amended Code further provided, if a person charged with a felony commits a separate felony while on pretrial release, "then the sentences imposed upon conviction of these felonies may be served consecutively." Pub. Act 102-1104, § 90 (eff. Dec. 6, 2022) (amending 730 ILCS 5/5-8-4(c)(3)).

¶ 20    A defendant has the right to be sentenced under either the law in effect at the time the offense was committed or the law in effect at the time of sentencing. *People v. Horrell*, 235 Ill. 2d 235, 242, 919 N.E.2d 952, 956 (2009); *People v. Hollins*, 51 Ill. 2d 68, 71, 280 N.E.2d 710, 712 (1972); *People v. Strebin*, 209 Ill. App. 3d 1078, 1081, 568 N.E.2d 420, 422 (1991); see 5 ILCS 70/4 (West 2022) ("If any penalty, forfeiture or punishment be mitigated by any provisions of a new law, such provision may, by the consent of the party affected, be applied to

any judgment pronounced after the new law takes effect."). Our supreme court has placed an affirmative duty on the trial court to advise a defendant of the right to elect the provision under which he or she should be sentenced, noting, in the absence of a showing a defendant was advised of that right of election and an express waiver of that right, the defendant is denied due process of law. *Hollins*, 51 Ill. 2d at 71, 280 N.E.2d at 712. "Whether defendant was denied his right to elect involves the application of law to uncontested facts and is reviewed *de novo*." *People v. Vlahon*, 2012 IL App (4th) 110229, ¶ 16, 977 N.E.2d 327.

¶ 21 Defendant acknowledges he did not object at trial or preserve the issue in a posttrial motion, but he argues plain error applies. However, even if the error does not rise to the level of plain error, " '[t]he imposition of an unauthorized sentence affects substantial rights' " and, thus, may be considered by a reviewing court even if not properly preserved in the trial court. *People v. Fort*, 2017 IL 118966, ¶ 19, 88 N.E.3d 718 (quoting *People v. Hicks*, 181 Ill. 2d 541, 545, 693 N.E.2d 373, 375 (1998)). In *Strebin*, we held, when a defendant is not advised of the right to elect, he or she cannot be found to have forfeited the issue on appeal. *Strebin*, 209 Ill. App. 3d at 1081, 568 N.E.2d at 422; see *Vlahon*, 2012 IL App (4th) 110229, ¶ 15. Where the record is devoid of any evidence a defendant was aware of the right to elect, the defendant's sentences must be vacated and the cause remanded for a new sentencing hearing. See *People v. Anderson*, 93 Ill. App. 3d 646, 656, 417 N.E.2d 663, 671 (1981).

¶ 22 Here, the record is devoid of evidence defendant was aware of his right to elect to be sentenced under either the law in effect at the time the offense was committed or the law in effect at the time of sentencing. Further, under *Strebin*, the matter cannot be forfeited and defendant was denied a fair sentencing hearing. Thus, the matter must be remanded for a new sentencing hearing.

¶ 23        The State contends the record does not show the trial court believed mandatory consecutive sentences were required and suggests the court properly imposed the consecutive sentence in its discretion based on the factors presented in aggravation. In particular, the State argues the court told defendant at the guilty-plea hearing any further conviction could result in a higher possibility of a consecutive sentence. But that admonition was made during admonitions concerning the possible consequences of a guilty plea nearly two years before the sentencing hearing and before the sentencing statute was amended. Meanwhile, the State told the court at sentencing defendant was subject to a mandatory consecutive sentence. The court then specifically noted that representation before it imposed the consecutive sentence. Thus, the record shows the court acted under the mistaken belief consecutive sentences were mandated.

¶ 24        The State further argues the factors in aggravation make it clear the trial court exercised its discretion to impose the consecutive sentence. We disagree. The court noted both factors in aggravation and in mitigation. However, as previously noted, the record shows the court believed a consecutive sentence was mandated. Had the court known it had discretion in the matter, it surely would have stated so when wrongly informed otherwise by the State. Thus, the record does not support the conclusion the record affirmatively shows the court acted in its discretion when it sentenced defendant to consecutive sentences. Accordingly, we vacate defendant's sentence and remand for a new sentencing hearing. Because we find remand is required for a new sentencing hearing, we do not address defendant's ineffective assistance claim.

¶ 25                            III. CONCLUSION

¶ 26        For the reasons stated, we vacate defendant's sentence and remand for a new sentencing hearing in conformity with this order.

¶ 27          Sentence vacated; cause remanded.