NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250561-U

NO. 4-25-0561

IN THE APPELLATE COURT

FILED
January 29, 2026
Carla Bender
4th District Appellate
Court, IL

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| JEFFERY ALLEN McCALL, | ) | No. 19CF1154 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | William G. Workman, |
| | ) | Judge Presiding. |

JUSTICE VANCIL delivered the judgment of the court.
Presiding Justice Steigmann and Justice Lannerd concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court affirmed defendant's sentence of seven years in prison for
aggravated driving under the influence of alcohol (625 ILCS 5/11-501(a),
(d)(1)(A) (West 2018)), finding the trial court did not abuse its discretion.

¶ 2    After defendant, Jeffery Allen McCall, pleaded guilty to aggravated driving under
the influence of alcohol (DUI) (625 ILCS 5/11-501(a), (d)(1)(A) (West 2018)), the trial court
sentenced him to seven years in prison. On appeal, defendant argues this sentence was excessive
because of his colon cancer diagnosis and his life expectancy of 14 to 19 months. We find the
trial court did not abuse its discretion, so we affirm.

¶ 3                              I. BACKGROUND

¶ 4    On May 3, 2021, defendant pleaded guilty to one count of aggravated DUI (*id.*
§ 5/11(a), (d)(1)(A)) in exchange for the State's agreement to dismiss one count of attempted
aggravated battery of a peace officer (720 ILCS 5/8-4, 12-3.05 (West 2018)), one count of

obstructing justice (*id.* § 31-4(a)(1)), and two counts of resisting a peace officer (*id.* § 31-1(a)).

¶ 5    As the factual basis for the offense, the State proffered that in November 2019, defendant exited a gas station and approached his car. An officer saw defendant stumbling and suspected he was intoxicated. Officers followed defendant as he drove away from the gas station and parked. An officer approached defendant and found him in the passenger seat. He claimed that his girlfriend had been driving and had left. Defendant's speech was slurred, his eyes were red and glassy, and his breath smelled of alcohol. The officer asked if defendant had been drinking, and defendant responded that it was none of his business, although he admitted he did not have a driver's license. The officer arrested defendant and placed him in the back of the squad car. Defendant began kicking the door of the car.

¶ 6    According to the State, defendant "became belligerent and began making racial slurs, using derogatory racial words and threats based on race towards the officer, who [was] African-American." The officer transported defendant to a hospital and to await a search warrant. The State explained, "While trying to get into the hospital, the defendant kicked a deputy from the McLean County sheriff's department. The deputy had to move to avoid being kicked." Later, after a search warrant was obtained, defendant pulled away from the nurse to prevent her from drawing his blood. The State added defendant had a DUI conviction from 1989 and was on conditional discharge for a 2018 DUI conviction.

¶ 7    Defendant failed to appear for his sentencing hearing multiple times. In February 2023, defendant was served with an arrest warrant for a Coles County case. In April 2023, he pleaded guilty in that Coles County case to aggravated fleeing from a peace officer, a Class 4 felony (625 ILCS 5/11-204.1(a)(4), (b) (West 2022)). The Coles County court sentenced defendant to two years' incarceration.

¶ 8　　　　　　Defendant's multiple presentence investigation reports (PSI) in this case documented his long criminal record as an adult, including three convictions for aggravated battery of a peace officer, a conviction for aggravated battery of first aid personnel, an additional aggravated battery conviction, three convictions for resisting a peace officer, one conviction for residential burglary, three convictions for burglary, two other convictions for DUI, a conviction for unlawful restraint, a conviction for threatening a public official, and a recent conviction for aggravated fleeing, among other offenses.

¶ 9　　　　　　On May 12, 2023, the trial court in this case held a sentencing hearing. As aggravating evidence, the State submitted a video recording from the squad car of the arresting officer. The recording showed defendant sitting handcuffed in the backseat of the squad car, repeatedly calling the officer racial slurs. The State also submitted a recording from a phone call defendant made from jail in December 2022 in which defendant said he would not go to court later that month.

¶ 10　　　　　In mitigation, defense counsel provided documentation from defendant's mother's healthcare provider demonstrating her multiple sclerosis. Defendant's sister, Kristine McCall, testified that their mother would need 24-hour care when released from the hospital soon. Kristine added that she would not be able to provide all this care alone, and she needed defendant to help her. Defense counsel submitted a letter from Christina Huff, defendant's friend, indicating that she relied on defendant to care for her as she suffered from breast cancer. Defense counsel also provided a character reference from another friend, stating that defendant's conduct in the commission of this offense was out of character for him.

¶ 11　　　　　Defendant spoke in allocution. He stated he was embarrassed by the video and he did not drink anymore. He described his health issues, including a clogged artery and heart

attacks. He insisted that the nurses in prison did not provide proper treatment. He wanted to take care of his mother, adding that his sister would be unable to do so on her own.

¶ 12      The trial court sentenced defendant to seven years in prison. It emphasized defendant's criminal record, including his two prior DUI convictions. The court further stated that this sentence would be served consecutively to defendant's two-year sentence for the aggravated fleeing he committed in Coles County after being charged in this case.

¶ 13      Defendant appealed, and we vacated the trial court's sentence. See *People v. McCall*, 2024 IL App (4th) 230651-U, ¶ 26. At the time defendant committed his offense, the Unified Code of Corrections (Code) required the court to impose consecutive sentences whenever a defendant charged with a felony committed another felony when on pretrial release. 730 ILCS 5/5-8-4(d)(8) (West 2018). But, by the time of defendant's sentencing, the General Assembly had amended the Code, so that consecutive sentences were permissible in such circumstances but not mandatory. Pub. Act 102-1104, § 90 (eff. Dec. 6, 2022) (amending 730 ILCS 5/5-8-4(c)). We vacated the sentence and remanded so that defendant could choose to apply the updated statute, allowing the trial court to exercise its discretion in determining whether to impose consecutive sentences. *McCall*, 2024 IL App (4th) 230651-U, ¶ 24.

¶ 14      On remand, the trial court held another sentencing hearing. The PSIs, as well as other related documents included in the record, detailed defendant's history of illnesses, including a recent diagnosis of colon cancer. The court told defendant, "I also am taking into consideration the condition that you had. You have attached Group Exhibit 1 to our [PSI], which, very in detail, documents the issues, the medical issues that you've had, including the recent diagnosis of cancer. So I will take that into consideration as well."

¶ 15      The State asked the trial court to take judicial notice of the evidence presented at

the previous sentencing hearing, including the video of defendant in the police vehicle, and it submitted a certified copy of defendant's driving record.

¶ 16　　　　In mitigation, defense counsel proffered that defendant had been self-employed and taking care of his mother before his incarceration. He also took care of Huff. Defense counsel added that, since the last sentencing, defendant was diagnosed with stage III colon cancer. Counsel expressed concern that the Illinois Department of Corrections would not be able to adequately treat defendant. Defendant spoke in allocution again. He reiterated how he helped Huff and his mother. He discussed his diagnoses of colon and lung cancer. He also claimed that he was not receiving adequate treatment in prison.

¶ 17　　　　Regarding mitigating factors, the trial court said, "[T]he one that stands out the most in this situation, probably the only one, is the fact of the imprisonment and the defendant's medical condition." The court found that defendant was receiving medical care during his incarceration. In aggravation, the court found defendant's conduct caused or threatened serious harm because driving while intoxicated endangers the driver and others on the road. The court also noted defendant's long criminal history, highlighting his two DUI convictions and his status on conditional discharge for DUI when he committed this DUI. The court noted defendant's 9 misdemeanor and 18 felony convictions. The court found that a community-based sentence would deprecate the seriousness of the offense and a sentence of incarceration was necessary to deter others. After noting that consecutive sentencing was discretionary, the court sentenced defendant to consecutive sentences, explaining that when defendant "was on bond for the current offense and there was a warrant that had been issued for his arrest, the defendant then committed the offense in Coles County where he tried to evade capture." The court sentenced defendant to seven years' incarceration.

¶ 18		Defendant filed a motion to reconsider. He also filed hospital records stating that he had lung cancer and his illness had progressed to stage IV. The records further stated that patients with defendant's condition "had an expected median survival between 14 and 19 months." The trial court denied defendant's motion.

¶ 19		This appeal followed.

¶ 20						II. ANALYSIS

¶ 21		Defendant's sole contention on appeal is that the trial court's sentence was excessive. The Illinois Constitution states, "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. When imposing a sentence, "[t]he trial judge has the opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age." *People v. Stacey*, 193 Ill. 2d 203, 209 (2000). For this reason, "[t]he trial court has broad discretionary powers in imposing a sentence, and its sentencing decisions are entitled to great deference." *People v. Alexander*, 239 Ill. 2d 205, 212 (2010). On appeal, "[w]e presume that a sentence that falls within the statutory range is not excessive." *People v. Wilson*, 2017 IL App (3d) 150165, ¶ 12. We will not reverse a trial court's sentencing decision unless the court abused its discretion. *Alexander*, 239 Ill. 2d at 212. A court abuses its discretion where its sentence is "greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *Stacey*, 193 Ill. 2d at 210 (citing *People v. Fern*, 189 Ill. 2d 48, 54 (1999)). However, "the reviewing court must not substitute its judgment for that of the trial court merely because it would have weighed these factors differently." *Id.* at 209.

¶ 22		Here, the trial court sentenced defendant to seven years in prison for aggravated

DUI. A third DUI offense is a Class 2 felony. 625 ILCS 5/11-501(d)(2)(B) (West 2018). Under section 5-4.5-35 of the Code, the sentencing range for a term of imprisonment for a Class 2 felony is three to seven years. 730 ILCS 5/5-4.5-35(a) (West 2018). Moreover, under the version of section 5-8-4 applicable here, when a defendant charged with a felony commits another felony while on pretrial release or in pretrial detention, the trial court has discretion to impose consecutive sentences. See 730 ILCS 5/5-8-4(c)(3) (West 2022); see also *McCall*, 2024 IL App (4th) 230651-U, ¶ 19. Here, the trial court elected to require defendant to serve his seven-year sentence after his two-year sentence for his Coles County conviction for aggravated fleeing.

¶ 23    Defendant argues that his sentence was excessive. By the time of resentencing, defendant had cancer in his colon and lungs. His cancer had progressed to stage IV before this appeal. Defendant estimates that he has 14 to 19 months to live. Because of defendant's seven-year sentence, as well as his two year-sentence for his Coles County case, defendant expects to die in prison. He characterizes his sentence as a *de facto* life sentence. He claims the trial court gave insufficient weight to his health conditions when imposing the longest allowable sentence.

¶ 24    Defendant also insists the trial court failed to consider rehabilitation. He contends that he cannot be restored to useful citizenship if he dies in prison. See *People v. Rickard*, 99 Ill. App. 3d 914, 918-19 (1981) (finding an abuse of discretion because the trial sentenced a 32-year-old defendant, with no prior criminal history, to 100 to 300 years in prison for murder and "effectively negate[d] any possibility of defendant's rehabilitation"). He also quotes the Seventh Circuit's admonition from *United States v. Wurzinger*, 467 F. 3d 649, 652 (7th Cir. 2006), that " '[d]eath in prison is not to be ordered lightly, and the probability that a convict will not live out his sentence should certainly give pause to a sentencing court.' "

¶ 25        We find the trial court did not abuse its discretion. The court explicitly acknowledged defendant's medical condition as a mitigating factor. It simply considered the aggravating factors to be more compelling. The court specifically highlighted the harm defendant's conduct threatened, as well as his many prior convictions. Defendant essentially asks us to reweigh the sentencing factors, which we will not do. See *Stacey*, 193 Ill. 2d at 209.

¶ 26        Moreover, rehabilitation is not the only purpose of sentencing. "A trial court has discretion to determine which of the four purposes of sentencing—retribution, deterrence, incapacitation, and rehabilitation—predominate in a given case." *People v. Thurman*, 2024 IL App (4th) 230391-U, ¶ 81 (citing *People v. Page*, 2022 IL App (4th) 210374, ¶ 52). Indeed, "there is no requirement for a court to elevate the goal of rehabilitation over other sentencing goals." *Id.*

¶ 27        In *Thurman*, the trial court sentenced the defendant to 35 years in prison for predatory criminal sexual assault of a child. *Id.* ¶¶ 47, 53. On appeal, the defendant claimed that he would be 77 years old when released from prison, but the average life expectancy for prisoners was only 64 years. *Id.* ¶ 80. He argued that his sentence was a " '*de facto* life sentence" and the trial court disregarded his potential for rehabilitation. *Id.* ¶ 77. We upheld the sentence, noting that the phrase "*de facto* life sentence" was a "term of art" applicable in the specific context of eighth amendment (U.S. Const., amend. VIII) claims regarding juvenile defendants. *Id.* ¶ 81; see *People v. Wilson*, 2023 IL 127666, ¶ 31. We explained, "Defendant seems to be arguing that unless an offense merits a life sentence, a court must fashion a prison sentence that is within the defendant's life expectancy." *Thurman*, 2024 IL App (4th) 230931, ¶ 81. We rejected this argument.

¶ 28        We find *Thurman*'s reasoning to be persuasive and applicable here. The trial court

was not required to prioritize defendant's rehabilitation over incapacitating him or deterring others. We presume that a sentence within the statutory range, even the maximum allowable under the statute, is not excessive. See *Wilson*, 2017 IL App (3d) 150165, ¶ 12. This is true even when the defendant's prison sentence exceeds his life expectancy.

¶ 29 Defendant also relies on *People v. Busse*, 2016 IL App (1st) 142941. There, the defendant was convicted of burglary after he stole $44 in quarters from a vending machine. *Id.* ¶ 1. The defendant had 28 prior convictions, including 7 felony convictions. *Id.* ¶ 15. Based primarily on this extensive criminal history, the trial court sentenced the defendant to 12 years in prison. *Id.* ¶ 17. The appellate court reversed, finding the trial court abused its discretion in imposing a sentence that was "grossly disproportionate to the offense of stealing $44 in loose change from a vending machine." *Id.* ¶ 29. Additionally, the defendant's criminal record was "limited to petty offenses." *Id.* ¶ 35. Defendant argues the trial court's sentence here was likewise "grossly disproportionate to the offense."

¶ 30 We disagree. First, defendant's sentence here was only 7 years in prison, not 12 years. Second, defendant's offense, aggravated DUI, was more egregious than stealing quarters. Finally, defendant's criminal history was certainly not limited to "petty offenses." *Id.* ¶ 35. Instead, his criminal record included multiple DUIs, multiple aggravated batteries, threatening a public official, and unlawful restraint. This history of violent and dangerous behavior was not present in *Busse*.

¶ 31 We conclude by addressing defendant's citation to *Wurzinger*. There, the defendant argued that his sentence of 262 months in prison for conspiracy to manufacture methamphetamine was excessive, even though it was within the range recommended by the federal sentencing guidelines, because his diabetes resulted in a life expectancy of up to 176.4

months. *Wurzinger*, 467 F. 3d at 651. Defendant here declines to mention that the Seventh Circuit rejected this argument and upheld the sentence. *Id.* at 653-55. Indeed, the Seventh Circuit explained that the district court "reasonably thought a long sentence was necessary to keep [the defendant] from cooking more methamphetamine." *Id.* at 653. The Seventh Circuit concluded, "The penalty imposed upon [the defendant] was harsh but his crime was very serious. We do not encourage *de facto* life sentences but here the decision can be regarded as reasonable and we affirm it." *Id.* at 654-55. We reach a similar conclusion here. Defendant's sentence was severe, but his offense was serious, and the trial court properly exercised its discretion.

¶ 32                                III. CONCLUSION

¶ 33          For the reasons stated, we affirm the trial court's judgment.

¶ 34          Affirmed.