NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250645-U

NOS. 4-25-0645, 4-25-0652 cons.

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 24, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Henry County |
| SHARON K. SHAW, | ) | Nos. 23CF214 |
| Defendant-Appellant. | ) | 23CF257 |
| | ) | |
| | ) | Honorable |
| | ) | Terence M. Patton, |
| | ) | Judge Presiding. |

JUSTICE ZENOFF delivered the judgment of the court.
Justices Knecht and Cavanagh concurred in the judgment.

**ORDER**

¶ 1    *Held*: The appellate court held that defendant's concurrent six-year sentences for retail theft and two drug possession offenses were not excessive.

¶ 2    Defendant, Sharon K. Shaw, pleaded guilty to possession of less than 5 grams of methamphetamine (720 ILCS 646/60(a) (West 2022)), unlawful possession of less than 15 grams of heroin (720 ILCS 570/402(c) (West 2022)), and retail theft (720 ILCS 5/16-25(a)(1) (West 2022)). As part of that plea, Judge Colby G. Hathaway allowed defendant to participate in Henry County's drug court program. After Judge Hathaway dismissed defendant from the program for violating the program's conditions, Judge Terence M. Patton sentenced her to concurrent six-year, extended-term sentences. Defendant appeals, challenging her sentences as excessive. We affirm.

¶ 3    I. BACKGROUND

¶ 4    Defendant is 29 years old and has battled addiction to heroin and

methamphetamines since the age of 17. She has overdosed more than 20 times. Defendant's addiction has coincided with a near constant involvement with the criminal justice system for more than a decade. Specifically, in December 2014, she was placed on supervision in connection with a misdemeanor assault charge. After the State filed multiple petitions to revoke supervision, defendant admitted to violating conditions and was discharged from supervision unsuccessfully. In June 2015, she was placed on probation and given a 60-day jail sentence in connection with a Class 3 felony theft charge. She subsequently admitted to violating the terms of probation and was sentenced to 180 days in jail, to be served concurrently with a jail sentence for a misdemeanor charge of resisting a police officer. In April 2017, defendant was placed on conditional discharge for misdemeanor battery. She subsequently admitted to violating conditions and was discharged unsuccessfully. In August 2017, defendant pleaded guilty to armed violence and delivery of methamphetamine, both Class 2 felonies, and was admitted to a drug court program. Three months later, she was discharged from the program for violating conditions and sentenced to three years in prison. In connection with that case, she returned to prison three times before completing her term of mandatory supervised release. Defendant was later placed on probation and ordered to serve 120 days in jail for Class 3 felony charges of possessing methamphetamine in connection with Henry County case Nos. 20-CF-70 and 22-CF-348. Throughout this time, defendant failed to appear in court on multiple occasions.

¶ 5        On July 24, 2023, defendant was charged in the first of two cases at issue in this appeal, Henry County case No. 23-CF-214. Among the charges were that she possessed less than 5 grams of methamphetamine, a Class 3 felony (720 ILCS 646/60(a) (West 2022)), and less than 15 grams of heroin, a Class 4 felony (720 ILCS 570/402(c) (West 2022)). Around the same time, the State filed petitions to revoke defendant's probation in case Nos. 20-CF-70 and 22-CF-348.

On August 25, 2023, defendant was charged with retail theft, a Class 3 felony (720 ILCS 5/16-25(a)(1) (West 2022)), in the second case at issue in this appeal, Henry County case No. 23-CF-257.

¶ 6        On September 26, 2023, defendant admitted to violating her probation in case Nos. 20-CF-70 and 22-CF-348 and also pleaded guilty to all offenses charged in case Nos. 23-CF-214 and 23-CF-257. That same day, Judge Hathaway accepted defendant's admissions/pleas and allowed her to participate in a drug court program.

¶ 7        On September 27, 2023, the State petitioned for sanctions against defendant when she purportedly overdosed and failed to report for a scheduled intake appointment with a treatment provider affiliated with the drug court program. Judge Hathaway issued a warrant for defendant's arrest, but she was not taken into custody until January 19, 2024.

¶ 8        On January 23, 2024, the matter appeared for a status hearing before Judge Patton. The trial court allowed defendant to continue participating in drug court but ordered her to be incarcerated until she could be admitted into a residential treatment program. On February 4, 2024, defendant was transported from jail to Crossing Recovery Services in Decatur, Illinois, where she received treatment on an inpatient basis. On March 4, 2024, she was successfully discharged from that program and returned to jail. She was released from jail the next day and started participating in outpatient services with Bridgeway in Kewanee, Illinois.

¶ 9        At a drug court status hearing on March 12, 2024, Judge Hathaway received information that defendant relapsed on methamphetamine and left a treatment meeting that morning. The State indicated it would petition to revoke defendant's participation in the drug court program. The court remanded defendant into custody pending the filing of those petitions.

¶ 10       On March 14, 2024, the State filed petitions to revoke defendant's participation in

the drug court program on the following bases: (1) she failed to report to Bridgeway on October 17, 2023, and March 12, 2024, (2) she possessed and/or consumed heroin on or about September 27, 2023, and (3) she admitted to consuming methamphetamines on or about March 12, 2024. Judge Hathaway ordered defendant to remain in custody pending the hearing on those petitions. In advance of that hearing, defendant wrote a letter apologizing for her relapse and expressing a desire to attain sobriety.

¶ 11            When the matter returned for the scheduled hearing on the State's petitions on March 21, 2024, defendant's counsel asked for a continuance based on defendant's apology letter and because defendant had been accepted back into an inpatient rehabilitation program at Crossing Recovery Services, where counsel believed a bed would be available the next day. The State opposed a continuance, arguing that defendant had "continually shown either a noncommitment to a sober lifestyle or doing what it would take to get out of jail." Judge Hathaway declined to continue the matter. At the conclusion of the ensuing hearing, the trial court found that the State proved its allegations that defendant failed to report to Bridgeway on October 17, 2023, and March 12, 2024, and that she consumed methamphetamines on March 12, 2024. The court explained that defendant was not a "good fit" for the drug court program presently and would be dismissed from it unsuccessfully. The court continued the matter for sentencing on the underlying charges before Judge Patton.

¶ 12            On May 23, 2024, Judge Patton held a sentencing hearing in case Nos. 20-CF-70, 22-CF-348, 23-CF-214, and 23-CF-257. Only the sentences in connection with the two 2023 cases are at issue in this appeal. Due to her criminal history, defendant was eligible for extended-term sentences—up to 10 years for both retail theft and possession of methamphetamine and up to 6 years for possession of heroin. See 730 ILCS 5/5-4.5-40(a) (West 2024) (establishing

extended-term penalties for Class 3 felonies); 730 ILCS 5/5-4.5-45(a) (West 2024) (establishing extended-term penalties for Class 4 felonies). The State asked for six-year, extended-term prison sentences. Defense counsel, on the other hand, requested probation so that defendant could obtain drug treatment at a rehabilitation facility, which she was willing to do. If probation was not acceptable to the trial court, defense counsel requested the minimum prison sentences.

¶ 13        Judge Patton ultimately sentenced defendant to six years in prison for each of the three offenses at issue in this appeal. Those sentences would run concurrently and be served at 50%. Explaining its rationale, the trial court noted that the only applicable mitigating factors were that defendant's conduct did not involve serious physical harm to others. 730 ILCS 5/5-5-3.1(a)(1)-(2) (West 2024). In finding other mitigating factors inapplicable, the court mentioned that although defendant wanted to stop using drugs, she had failed to get her addiction under control, despite being given many chances. The court also said that if defendant did not get her addiction under control while participating in drug court, "where they're basically holding your hands," she was not going to do so if placed on "regular probation." The court then explained that the applicable aggravating factors included the need for deterrence, defendant's long history of criminal activity, and that she was convicted of a felony while on probation for a felony. 730 ILCS 5/5-5-3.2(a)(3), (7), (12) (West 2024). The court determined that defendant had been given "every chance" and her rehabilitative potential at this point was "very small." Although the court recognized the high costs attendant to incarceration, the court also recognized the cost to the public when a drug addict commits retail theft.

¶ 14        Defendant filed a motion to reconsider her sentences, which Judge Patton denied. In defendant's initial appeals from the judgments entered in case Nos. 23-CF-214 and 23-CF-257, we granted the parties' agreed motions for summary remands for strict compliance with Illinois

Supreme Court Rule 604(d) (eff. Apr. 15, 2024).

¶ 15　　　　On remand, defendant's counsel filed new Rule 604(d) certificates and a supplemental motion to reconsider the sentences. In this motion, defendant asserted, without further argument, that (1) the sentences were excessive and (2) she "had been accepted into a rehabilitation facility and with successful completion of that program *** a sentence to drug court would have been appropriate." On June 23, 2025, Judge Patton denied this motion, stating that he had considered and weighed everything that was required by law, including defendant's past treatment attempts while participating in the drug court program. Defendant timely appealed again in case Nos. 23-CF-214 and 23-CF-257. We granted defendant's unopposed motion to consolidate the appeals.

¶ 16　　　　　　　　　　　　　　II. ANALYSIS

¶ 17　　　　On appeal, defendant argues that the six-year prison sentences imposed by Judge Patton on May 23, 2024, were excessive and constituted an abuse of discretion, as there was a treatment program available for her as of March 21, 2024, when Judge Hathaway revoked her participation in drug court. Defendant maintains that her sentences were "greatly at variance with the spirit and purpose of the law" because the Drug Court Treatment Act (730 ILCS 166/1 *et seq.* (West 2024)) reflects a policy that treatment is preferred over incarceration for individuals with substance use disorders, when possible. Defendant also asserts that "[i]t often takes several years and rounds of treatment to meaningfully address addiction" and her six-year prison sentences "delay[ ] the opportunity for [her] to meaningfully address her struggles with addiction." As part of her argument, defendant cites material available online and prepared by the Office of the Surgeon General to support the proposition that "it can take as long as eight or nine years after a person first seeks formal help to achieve sustained recovery." For her relief, defendant asks this

court to "vacate her sentence and impose a sentence of Drug Court or in the alternative, reduce her sentence to a term of shorter than six years in prison."

¶ 18      The State responds that we should not consider the Office of the Surgeon General's report because it was never presented to the trial court. The State also contends that defendant fails to cite authority in support of certain propositions in her brief, so we should not consider those points. Finally, the State argues that defendant's six-year prison sentences were not an abuse of discretion.

¶ 19                              A. Preliminary Matters

¶ 20      Before addressing whether Judge Patton acted within his discretion by sentencing defendant to six years in prison, we will mention four preliminary matters.

¶ 21      We have considered whether this appeal is moot in light of the fact that the Illinois Department of Corrections' website indicates that defendant was recently placed on mandatory supervised release and is no longer in prison. We determine the appeal is not moot. If defendant violates the conditions of her mandatory supervised release, she could return to prison, and the length of the sentences she challenges on appeal would affect the period of recommitment. See 730 ILCS 5/3-3-9(a)(3)(i)(B) (West 2024). As our supreme court explained in *People v. Jackson*, 199 Ill. 2d 286, 294 (2002), due to this statute, a defendant's sentencing challenge is not moot until he or she completes a term of mandatory supervised release.

¶ 22      As a second preliminary matter, we decline to take judicial notice of a report from the Office of the Surgeon General that defendant did not rely on below. It is improper for a party to use materials not cited in the trial court to establish new facts in support of a challenge to a ruling that is reviewed deferentially. See *People v. Klein*, 2022 IL App (4th) 200599, ¶ 58 (holding that "it is impermissible for a reviewing court to take judicial notice of material that was not

- 7 -

considered by the trial court" as part of addressing a challenge to an allegedly excessive sentence). None of the cases defendant cites in support of her request for judicial notice involved challenges to discretionary sentencing decisions.

¶ 23        As a third preliminary matter, the State asks us not to consider certain unsupported propositions in defendant's brief regarding the struggles attendant to attaining sobriety. We discern no violations of Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020). For purposes of minimal compliance with this rule, we deem defendant's arguments to be supported by her broader discussion of how the legislature has amended the Drug Court Treatment Act over time to reduce barriers to entering drug court programs.

¶ 24        As a final preliminary matter, to the extent defendant asks us to "vacate her sentence and impose a sentence of Drug Court," she cites no authority establishing that this court possesses the power to grant that relief. It is well established that the appellate court lacks the authority under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967) "to reduce a prison sentence to probation." *People v. Lee*, 2023 IL App (4th) 220779, ¶ 61. Defendant does not explain why we would have the power to "impose a sentence of Drug Court" in lieu of prison when we lack power to impose a sentence of probation in lieu of prison. Moreover, we note that at the sentencing hearing on May 23, 2024, defendant requested probation, not another chance to participate in drug court. Nevertheless, we need not dwell on these issues, as the record shows that Judges Hathaway and Patton both acted within their discretion in handling defendant's cases.

¶ 25                    B. The Record Shows No Abuse of Discretion

¶ 26        The Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. 1, § 11. A trial court has discretion to determine which of the

- 8 -

four purposes of sentencing—retribution, deterrence, incapacitation, and rehabilitation— predominates in a given case. *People v. Page*, 2022 IL App (4th) 210374, ¶ 52. "A reviewing court gives substantial deference to the trial court's sentencing decision because the trial judge, having observed the defendant and the proceedings, is in a much better position to consider factors such as the defendant's credibility, demeanor, moral character, mentality, environment, habits, and age." *People v. Snyder*, 2011 IL 111382, ¶ 36. A statutorily authorized sentence is presumptively proper, and we may not disturb the court's evaluation of proper factors absent an abuse of discretion. *People v. Musgrave*, 2019 IL App (4th) 170106, ¶ 56. "A trial court's sentence is an abuse of discretion if it is greatly at odds with the spirit and purpose of the law or is manifestly disproportionate to the nature of the offense." *Musgrave*, 2019 IL App (4th) 170106, ¶ 56.

¶ 27    In arguing that her sentences were greatly at variance with the spirit and purpose of the law, defendant emphasizes that the Drug Court Treatment Act has been amended over time to make more offenders eligible to participate in drug court programs. She further notes that the Drug Court Treatment Act expressly recognizes that "[t]here is a critical need" to recognize individuals who struggle with substance use disorders and to provide treatment and support as an alternative to incarceration, when possible. 730 ILCS 166/5 (West 2024). She also explains that recovering from addiction can be a lengthy and rocky process.

¶ 28    In presenting these arguments, defendant overlooks that resources were made available to her and she was shown leniency repeatedly within the criminal justice system for more than 10 years. She received community-based sentences on numerous occasions but never completed them successfully. She was also previously given the opportunity to participate in a drug court program in 2017 but was discharged and sent to prison when she violated conditions of the program. After being released from prison, defendant continued to commit offenses that

stemmed from her addiction, including the offenses at issue in the present appeal. Judge Hathaway plainly was aware of the policy embodied in the Drug Court Treatment Act favoring treatment over incarceration, as he allowed defendant to participate in drug court again in connection with the 2023 cases, despite her criminal record and previous lack of success overcoming addiction. Unfortunately, the record shows that defendant again struggled significantly in drug court. Despite what defendant seems to suggest in her brief, she was not imprisoned in haste or without giving her chances to address her addiction with support.

¶ 29    Defendant mentions that she successfully completed a residential program at Crossing Recovery Services between February 4 and March 4, 2024. Although that accomplishment should not be trivialized, it must also be considered in context. Defendant was delayed in starting services as part of the drug court program because she purportedly overdosed within hours of being admitted to the program on September 26, 2023, and was not taken into custody on a warrant for almost four months. Despite that major initial setback, Judge Patton gave her another chance to participate in the drug court program. Defendant then completed an inpatient program between February 4 and March 4, 2024, after the police transported her there from jail. One week after that program ended and she was released from jail to pursue outpatient treatment, she relapsed and failed to attend a treatment meeting. Under these circumstances, and in light of defendant's experience within the criminal justice system over the course of many years, it was reasonable for Judge Hathaway to conclude on March 21, 2024, that defendant was not "a good fit for the program at this time," notwithstanding her counsel's representation that Crossing Recovery Services was willing to continue treating her.

¶ 30    At the sentencing hearing on May 23, 2024, Judge Patton considered the totality of the circumstances, evaluating defendant's professed desire to attain sobriety in light of her history

and recent lack of success in drug court. The trial court also explained which mitigating and aggravating factors applied, and defendant does not challenge that assessment on appeal. Based on the specific facts of this case, we hold that concurrent six-year prison sentences were not greatly at variance with the spirit and purpose of the law. Thus, there was no abuse of discretion.

¶ 31                                    III. CONCLUSION

¶ 32            For the reasons stated, we affirm the trial court's judgment.

¶ 33            Affirmed.